**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES FORTUNE,<br><br>　　　　　Plaintiff,<br><br>　- against -<br><br>FOX NEWS NETWORK, LLC,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01123 (JGK)<br><br>**ANSWER** |

　　　　Defendant Fox News Network, LLC, by its attorneys Mintz & Gold LLP, as and for its Answer to the Complaint ("Complaint"), states as follows:

　　　　1.　　Defendant responds that the allegations of the first and third sentences of paragraph 1 of the Complaint contain legal conclusions as to which no answer is required, and to the extent an answer is required, denies those allegations. Defendant denies the allegations of the second sentence of paragraph 1 of the Complaint.

　　　　2.　　Defendant responds that the allegations of paragraph 2 of the Complaint contain legal conclusions as to which no answer is required, and to the extent an answer is required, denies those allegations.

　　　　3.　　Defendant responds that the allegations of paragraph 3 of the Complaint contain legal conclusions as to which no answer is required but admits that Defendant's principal place of business is in New York.

　　　　4.　　Defendant responds that the allegations of paragraph 4 of the Complaint contain legal conclusions as to which no answer is required.

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegation in the first sentence of paragraph 6 of the Complaint that it is a Delaware limited liability company with a principal place of business in New York, New York, but otherwise denies the allegations of the first sentence of paragraph 6 of the Complaint. Defendant admits the allegations of the second sentence of paragraph 6 of the Complaint. Defendant admits that it hosts a Fox News Radio page on its website but otherwise denies the allegation in the third sentence of paragraph 6 of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint.

9. There is no paragraph 9 in the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11. Defendant admits that it published an article on the Fox News Radio portion of its Website concerning "Stairway to Heaven," and otherwise denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint.

13. Defendant repeats and realleges its responses to paragraphs 1 through 12 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on any of these matters.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each claim contained in it fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for copyright infringement is barred in whole or in part by the doctrine of fair use, pursuant to 17 U.S.C. § 107.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of waiver or consent.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The copyright registration that is allegedly infringed by Defendant is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any losses, damages or detriment, in any sum or amount whatever, such harm was caused by the intentional or negligent acts, omissions or misconduct of others and not by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages and remedies, if any, are limited by the innocent intent and good faith of the Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages and remedies, if any, are barred in whole or in part because Plaintiff has suffered no damages and/or any damages alleged are too speculative and imprecise.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert and rely upon other defenses that become available or appear during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

    i.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

    ii.    Award Defendant reasonable attorneys' fees, costs, and disbursements; and

    iii.    Grant such other and further relief as it deems appropriate.

Dated: New York, New York
April 9, 2018

**MINTZ & GOLD LLP**

/s/ Steven G. Mintz
Steven G. Mintz
Terence W. McCormick
600 Third Avenue
25th Floor
New York, New York 10016
Tel:   (212) 696-4848
Fax:   (212) 696-1231
mintz@mintzandgold.com
mccormick@mintzandgold.com
*Attorneys for Defendant*
*Fox News Network, LLC*